**U.S. COURTS**

**SEP 0 1 2009**

Rcvd_____Filed_____Time_____
CAMERON S. BURKE
CLERK, DISTRICT OF IDAHO

Charles Edward Lincoln, III
6102 Valleyview Drive
Lago Vista, Texas 78645
Telephone: (512) 968-2500
E-mail: charles.e.lincoln@att.net
Plaintiff *in propia persona*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO---BOISE**

CHARLES EDWARD LINCOLN, III,          §
          Plaintiff,                  §          HON. _____
                                      §
v.                                    §          Case No. CIV 09 - 4 3 0 - S - BLW
                                      §
NORTHWEST TRUSTEE SERVICES,           §
WELLS FARGO BANK,                     §
As successor by merger to WELLS FARGO §          ORIGINAL COMPLAINT
HOME MORTGAGE, INC., FIRST            §          TRIAL-BY-JURY DEMANDED
AMERICAN TITLE CORPORATION,           §
THE FLORIDA DEFAULT LAW GROUP, L.L.C. §
FIRST AMERICAN CORPORATION,           §
WILLIAM "BILL" HURST, CHRIS SMITH,    §
And all JOHN & JANE DOES 1-50,        §
          Defendants.                 §
§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§

**APPLICATION FOR TEMPORARY RESTRAINING ORDER & MEMORANDUM OF**

**POINTS AND AUTHORITIES IN SUPPORT**

Comes now the Plaintiffs, Charles Edward Lincoln III with this, his Motion for

Temporary Restraining Order. Plaintiff seeks preliminary injunctive relief under Federal Rule

of Civil Procedure 65 and can show (1) a likelihood of success on the merits of his Complaint

For Quiet Title, (2) a significant threat of irreparable harm, (3) that the balance of hardships

favors the applicant, and (4) whether any public interest favors granting an injunction.

*Raich v. Ashcroft*, 352 F.3d 1222, 1227 (9th Cir. 2003). He asks for a stay until a final hearing

of his Complaint for Quiet Title is complete.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR A**

*PLAINTIFF'S NOTICE OF TRO WITH MEMORANDUM OF POINTS*
*CHARLES E. LINCOLN V. WELLS FARGO, NORTHWEST TRUSTEES*
*ET AL.CENTRAL DISTRICT OF IDAHO, BOISE*          - 1 -

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

**TEMPORARY RESTRAINING ORDER AND MOTION FOR A PRELIMINARY INJUNCTION**

**INTRODUCTION**

Plaintiff Lincoln has a complaint to undo the **foreclosure,** reverse a **foreclosure** sale, and give him back title to his property located at 403 and 404 Andrew Court Road , Caldwell Idaho. The evidence will show that Northwest Trustee Services has not fully identified the beneficiary to the Trustee's sale they intended to perform (File no: 7023-17635, attached as Exhibit A) and did not follow the Idaho **foreclosure** statutes because it did not identify itself or anyone else as the beneficiary under the deed of trust and thus did not reveal that it was the party initiating the **foreclosure. Wells Fargo is only listed as the "original beneficiary", not "beneficiary of sale".** Further, Wells Fargo (the supposed Beneficiary of sale) cannot provide evidence they "owned" Lincoln's loan when it had the trustee issue a Notice of Default.

Material misstatements allow a court to void a trustee's sale. *Angell v. Superior Court*, 73 Cal.App.4th 691, 699-700 (1999); *Little v. CFS Service Corp.*, 188 Cal.App.3d 1354, 1360 (1987). Here, the Notice of Default identified MERS as the beneficiary, rather than Countrywide or U.S. Bank. (Tarantino Dec., at P 4, Exhibit 1, at page 000003.) This statement is crucial, as the beneficiary determines when a default has occurred and what the homeowner can do to cure it. *In re Maisel*, 378 B.R. 19, 21-22 (Bankr. D. Mass. 2007); *In re Nosek*, 386 B.R. 374, 380 (Bankr. D. Mass. 2008). A homeowner who finds himself in default wants to contact the entity that has the power to deal with his loan. It thus is vital [*11]  that the Notice of Sale identify the *actual* beneficiary.

Plaintiff contends that he DOES NOT KNOW WHO THE BENEFICIARY IS given that the

*PLAINTIFF'S NOTICE OF TRO WITH MEMORANDUM OF POINTS*
*CHARLES E. LINCOLN V. WELLS FARGO, NORTHWEST TRUSTEES*
*ET AL.CENTRAL DISTRICT OF IDAHO, BOISE*          - 2 -

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

language in the Notice of Sale is ambiguous at best AND that the Plaintiff has every reason to believe that Wells Fargo does not have the standing to foreclose because they are not the "holder in due course".

## PLAINTIFF HAS A COMPELLING CASE ON THE MERITS

Through his Complaint for Quiet Title Plaintiff outlines in detail a likelihood of success proving that neither Defendant has a right to foreclose; due to Wells Fargo's almost certain inability to prove that they are the holders in due course of the original lending note as well as Northwest Trustee Services as their acting agent.

*There is currently* the question of who legally had the power to begin the foreclosure over this property (as outlined by his complaint) on Mr. Lincoln's home. As one court has held, "those parties who do not hold the note or mortgage and who do not service the mortgage do not have standing to pursue motions for relief or other actions arising from the mortgage obligation." *In re Nosek*, 386 B.R. at 380; *In re Schwartz*, 366 B.R. 265, 270 (Bankr. D. Mass. 2007). Another court ruled, "The plaintiff must show that it is the holder of the note and the mortgage at the time the [foreclosure] complaint was filed. The foreclosure plaintiff must also show, at the time the foreclosure action is filed, that the holder of the note and mortgage is harmed, usually by not having the received payments on the note. [*13] " *In re Foreclosure Cases*, 521 F.Supp.2d 650, 653 (S.D. Ohio 2007).

These cases follow an old rule of promissory note law-only the owner or "holder" of a note can enforce it. "'Holder' with respect to a negotiable instrument, means the person in possession if the instrument is payable to the bearer. . . .[P] The term 'holder' is similarly defined when used in connection with a mortgage. . . (mortgage holder is 'one to whom

PLAINTIFF'S NOTICE OF TRO WITH MEMORANDUM OF POINTS
CHARLES E. LINCOLN V. WELLS FARGO, NORTHWEST TRUSTEES
ET AL.CENTRAL DISTRICT OF IDAHO, BOISE                - 3 -

CHARLES EDWARD LINCOLN, III
6102 VALLEYVIEW DRIVE
LAGO VISTA, TEXAS 78645
512-968-2500
CHARLES.E.LINCOLN@ATT.NET

property is mortgaged; the mortgage creditor or lender.'" *In re Nosek*, 386 B.R. at 380, *quoting* M.G.L.A. 106 § 1-201 (20), *and* BLACK'S LAW DICTIONARY, 1034 (8th ed. 2004). California law follows this rule, as the California courts only allow the holder of a mortgage to enforce rights under the mortgage, including the right to foreclosure on and sell the property. *Pribus v. Bush*, 118 Cal.App.3d 1003, 1009-1010 (1981). This rule is a logical extension of the principle that only parties to a contract can sue to enforce it. *Buckner v. Tamarin*, 98 Cal.App.4th 140, 142 (2002), *quoting Benasra v. Marciano*, 92 Cal.App.4th 987, 990 (2001).

## PLAINTIFF AND HIS TENANTS WILL SUFFERE IRAPARBLE HARM DUE TO FORECLOSURE

If Plaintiff is not granted a TRO he will suffer the loss of use, benefit and control over his property and the eviction of his tenants who suffer the emotional stress of not knowing whether or not they have one of their basic needs (a roof over head). It also hurts his long term relationship with his tenants (defined by trust, competence and service) by destroying it completely through foreclosure and the subsequent eviction of his tenants.

## THE BALANCE OF HARDSHIPS FAVORS LINCOLN

If a TRO or injunction is issued, Northwest Trustee Services and Wells Fargo are still assured of recouping the principal and can keep the years of payments it has collected from the owner before Lincoln. If Northwest Trustee Services or Wells Fargo win a judgment against Lincoln, they still can receive title to the home. It is fully secured. Further, plaintiff proposes only a narrow remedy-that his case be heard in full and the foreclosure stayed until this is done. This does not ask that title be restored to him through this TRO application; the question of title can wait for a trial on his adversary complaint.

*PLAINTIFF'S NOTICE OF TRO WITH MEMORANDUM OF POINTS*
*CHARLES E. LINCOLN V. WELLS FARGO, NORTHWEST TRUSTEES*
*ET AL.CENTRAL DISTRICT OF IDAHO, BOISE*          - 4 -

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

## THE PUBLIC INTEREST FAVORS LINCOLN

The public interest is served by the protection of the borrower's home. A **foreclosure** sale based on falsehoods in the Notice of Default and violations of Idaho **foreclosure** law undermines the public interest. The misstatements in the Notice of Default, Wells Fargo's inability to prove it is the owner of Lincoln's loan, and the narrow language of the Deed of Trust, raise serious doubts as to the validity of the **foreclosure** process.

A rejection of this TRO would simply provide a boon to a growing distrust among the general populous of America. The more denials of restraining orders against Banks the Courts of America cast down against Plaintiffs like Charles Lincoln, the more it provides a proper catalyst for a National Mortgage strike.

## A TEMPORARY ORDER PENDING A HEARING SHOULD BE ISSUED

Under Rule 65 (b) of the Federal Rules of Civil Procedure, a court can issue temporary restraining orders without full notice, even, under certain circumstances, ex parte. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439, (1974). Such an order here will keep Lincoln's tenants in this home until the Court can hear the case on a more developed record. If the Court is unwilling to issue a preliminary injunction now, Plaintiff requests a temporary restraining order pending a preliminary injunction hearing.

## LINCOLN SHOULD NOT BE REQUIRED TO POST SECURITY

FRCP Rule 65(c) requires that before a Court issues a restraining order or preliminary injunction, the applicant must provide security, in such sum as the Court deems proper. U.S Bank will retain title to the Andrew Court home until the trial on the adversary complaint; it is fully secured. That is a sufficient bond.

*PLAINTIFF'S NOTICE OF TRO WITH MEMORANDUM OF POINTS*
*CHARLES E. LINCOLN V. WELLS FARGO, NORTHWEST TRUSTEES*
*ET AL.CENTRAL DISTRICT OF IDAHO, BOISE*     - 5 -

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Defendants should not be allowed to insist Lincoln provide a bond given that they 1) have not provided a proof of claim or original note giving them standing to foreclose and 2) the debt is secured in an unstable market, the likes of which America hasn't seen since the Great Depression affecting the possibility of a deficiency judgment, which could easily make up for any lack of bond paid for this TRO.

## CONCLUSION

For these reasons, Plaintiff Lincoln respectfully requests that the Court issue the following orders:

1. A **temporary restraining order** directed to Northwest Trustee Services and Wells Fargo immediately, postponing the sale of the house in Caldwell.

2. A preliminary injunction directed to Wells Fargo and Northwest Trustee Services. immediately allowing Lincoln's tenants to live in the property pending the trial on Mr. Lincoln's adversary complaint and judgment on that complaint, or until further order of the Court;

3. A **temporary restraining order** directed against Northwest Trustee Services and Wells Fargo forbidding it from taking any steps to sell Lincoln's home, transfer title, or otherwise interfere with Lincoln's possession and use of the home, which will remain in effect until a hearing on a motion for a preliminary injunction;

4. A preliminary injunction directed against Northwest Trustee Services. and Wells Fargo forbidding them from taking any steps to sell Lincoln's home, transfer title, or otherwise interfere with Lincoln's possession and use of the home, which will remain in effect pending the trial on Lincoln's complaint and judgment on that complaint, or until further order of the

*PLAINTIFF'S NOTICE OF TRO WITH MEMORANDUM OF POINTS*
*CHARLES E. LINCOLN V. WELLS FARGO, NORTHWEST TRUSTEES*
*ET AL.CENTRAL DISTRICT OF IDAHO, BOISE*          - 6 -

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

Court.

      Respectfully submitted,

           Friday June 26th, 2009,

By: _____

      Charles Edward Lincoln, Plaintiff, *pro se*
      6102 Valleyview Drive,
      Lago Vista, TX 78645
      512-968-2500
      charles.e.lincoln@att.net

## CERTIFICATE OF SERVICE

      Plaintiff certifies that a true and correct copy of this his Application for Temporary Restraining Order has been sent via certified mail and by hand (along with the Original Complaint for Quiet Title) to defendants Wells Fargo and Northwest Trustees Services.

_____

      Charles Edward Lincoln, Plaintiff, *pro se*
      6102 Valleyview Drive,
      Lago Vista, TX 78645
      512-968-2500
      charles.e.lincoln@att.net

*PLAINTIFF'S NOTICE OF TRO WITH MEMORANDUM OF POINTS*
*CHARLES E. LINCOLN V. WELLS FARGO, NORTHWEST TRUSTEES*
*ET AL.CENTRAL DISTRICT OF IDAHO, BOISE*     - 7 -

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### *EXHIBIT A:*
### *"Notice of Trustees Sale"*

*PLAINTIFF'S NOTICE OF TRO WITH MEMORANDUM OF POINTS*
*CHARLES E. LINCOLN V. WELLS FARGO, NORTHWEST TRUSTEES*
*ET AL.CENTRAL DISTRICT OF IDAHO, BOISE        - 8 -*

*CHARLES EDWARD LINCOLN, III*
*6102 VALLEYVIEW DRIVE*
*LAGO VISTA, TEXAS 78645*
*512-968-2500*
*CHARLES.E.LINCOLN@ATT.NET*

# Notice of Re-Scheduled Trustee's Sale
## Idaho Code 45-1506A

**Today's date:** July 22, 2009
**File No.:** 7023.17635
**Sale date and time (local time):** September 02, 2009 at 11:00 AM
**Sale location:** in the lobby of Pioneer Title Company, 610 South Kimball, Caldwell, ID 83605
**Property address:** 404 Andrew Court
                 Caldwell, ID  83605
**Successor Trustee:**     Northwest Trustee Services, Inc., an Idaho Corporation
                       P.O. Box 997
                       Bellevue, WA 98009
                       (425) 586-1900
**Deed of Trust information**
       **Original grantor:** Hal Kuder Jr., a married person
       **Original trustee:** Pioneer Title Company
       **Original beneficiary:** Wells Fargo Bank, N.A.
       **Recording date:** March 29, 2005
       **Recorder's instrument number:** 200516224
       **County:** Canyon
**Sum owing on the obligation:**
       *as of July 22, 2009:* **$79,221.55**
       Because of interest, late charges, and other charges that may vary from day to day, the amount
due on the day you pay may be greater. Hence, if you pay the amount shown above, an
adjustment may be necessary after we receive your check. For further information write or call
the Successor Trustee at the address or telephone number provided above.
**Basis of default:** failure to make payments when due.

*Please take notice* that the Successor Trustee will sell at public auction to the highest bidder for certified
funds or equivalent the property described above. The property address is identified to comply with IC
60-113 but is not warranted to be correct. The property's legal description is:

Lot 17, Block 1, Augustina Subdivision, Canyon County, Idaho, according to the official plat thereof,
filed in Book 23 of Plats Page 38, records of said County.

The sale is subject to conditions, rules and procedures as described at the sale and which can be reviewed
at www.northwesttrustee.com or USA-Foreclosure.com. The sale is made without representation,
warranty or covenant of any kind.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO
COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT
PURPOSE.**