**JOHN T. BUJAK, ISB #5544 jbujak@canyonco.org**
**SAMUEL B. LAUGHEED, ISB #7059 slaugheed@canyonco.org**
Canyon County Prosecuting Attorney
Canyon County Courthouse
1115 Albany Street
Caldwell, Idaho 83605
Telephone: (208) 454-7391

Attorneys for Defendants
William "Bill" Hurst and
Chris Smith

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **CHARLES EDWARD LINCOLN, III,**  Plaintiffs, vs. **NORTHWEST TRUSTEE SERVICES. WELLS FARGO BANK, as successor by merger to WELLS FARGO HOME MORTGAGE, INC., FIRST AMERICAN TITLE CORPORATION, THE FLORIDA DEFAULT LAW GROUP, L.L.C., FIRST AMERICAN CORPORATION, WILLIAM "BILL" HURST, CHRIS SMITH, and all JOHN & JANE DOES 1-50,** Defendants. | **Case No. CIV 09-430-S-BLW** **ANSWER TO PLAINTIFF'S COMPLAINT** |

COME NOW Defendants Bill Hurst, Canyon County Clerk, and Chris Smith, Canyon County Sheriff, (hereinafter identified collectively as "County") by and through their attorney, the Canyon County Prosecuting Attorney's Office, and in answer to Plaintiff's Complaint aver as follows:

**ANSWER TO PLAINTIFF'S COMPLAINT - 1**
CIV09-430-S-BLW
9-2412

## I.   FIRST DEFENSE

Plaintiff's Complaint and each and every count thereof fail to state a claim against the County upon which relief can be granted.

## II.   SECOND DEFENSE

Except as specifically admitted herein, the County denies each and every provision of Plaintiff's Complaint.

1. With respect to paragraph 1 of Plaintiff's Complaint, no response by the County appears necessary, but to the extent paragraph 1 suggests that the County has caused conditions warranting relief, the County denies the same.

2. With respect to paragraphs 2 through 8 of Plaintiff's Complaint, the County is without information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

3. With respect to paragraph 9 of Plaintiff's Complaint, no response appears to be necessary, but the County denies the same.

4. With respect to paragraph 10 of Plaintiff's Complaint, the County admits only that venue in this Court as to the County appears to be proper.

5. With respect to paragraphs 11 through 17 of Plaintiff's Complaint, the County is without information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

6. With respect to paragraphs 18 through 27 of Plaintiff's Complaint, no response by the County appears necessary, but the County denies the same.

7. With respect to paragraphs 28 through 34 of Plaintiff's Complaint, no response by the County appears necessary, but the County denies same.

8. With respect to paragraph 35 of Plaintiff's Complaint, the County incorporates and realleges all of its responses to the referenced paragraphs.

9. With respect to paragraph 36 of Plaintiff's Complaint, the County is without information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

10. With respect to paragraph 37 of Plaintiff's Complaint, the County incorporates and realleges all of its responses to the referenced paragraphs.

11. With respect to paragraphs 38 through 56 of Plaintiff's Complaint, no response by the County appears necessary as they contain allegations against another named Defendant. To the extent an answer is required, the County is without information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

12. With respect to paragraph 57 of Plaintiff's Complaint, the County incorporates and realleges all of its responses to the referenced paragraphs.

13. With respect to paragraphs 58 through 61 of Plaintiff's Complaint, no response by the County appears necessary as they contain allegations against another named Defendant. To the extent an answer is required, the County is without information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

14. With respect to paragraph 62 of Plaintiff's Complaint, the County incorporates and realleges all of its responses to the referenced paragraphs.

15. With respect to paragraph 63 of Plaintiff's Complaint, the County denies the same.

16. With respect to paragraph 64 of Plaintiff's Complaint, the County admits the substantive allegations contained therein, and denies that it has any legal duty to take any such actions.

17. With respect to paragraphs 65 through 68 of Plaintiff's Complaint, the County denies that Plaintiff is entitled to any such declarations or remedies.

18. With respect to paragraph 69 of Plaintiff's Complaint, the County incorporates and realleges all of its responses to the referenced paragraphs.

19. With respect to paragraph 70 of Plaintiff's Complaint, the County denies that Plaintiff is entitled to any such relief to quiet title.

### III.   AFFIRMATIVE DEFENSES

1. The County has not been able to engage in sufficient discovery to learn all of the facts and circumstances relating to the matters described in Plaintiff's Complaint and therefore request the Court to permit the County to amend its Answer and assert additional affirmative defenses or abandon affirmative defenses once discovery has been completed.

2. Plaintiff's Complaint fails to state a cause of action against the County upon which relief can be granted and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

3. The allegations contained in Plaintiff's Complaint do not rise to the level of a deprivation of rights which are protected by the Constitution or any of the legal provisions referred to in Plaintiff's Complaint.

4. Plaintiff's causes of action for declaratory or injunctive relief are not ripe, are moot, and show no likelihood of success.

5.      The allegations contained in Plaintiff's Complaint regarding the actions for declaratory or injunctive relief do not show or allege a sufficient likelihood of future injury or irreparable harm.

6.      Some or all of the individually named Defendants are immune, or have qualified immunity, to the allegations contained in Plaintiff's Complaint.

7.      All general immunities, statutory or otherwise.

8.      The County acted in a reasonable and prudent fashion satisfying any duty, if any, that they owed under the rules, regulations, statutes, ordinances, customs, policies and usages of Canyon County, the State of Idaho, and/or the United States of America.

9.      Plaintiff's claims are brought frivolously and unreasonably and are not well-grounded in fact or law and Defendants are entitled to sanctions against Plaintiff pursuant to Rule 11 of the Idaho Federal Rules of Civil Procedure.

**WHEREFORE**, the County prays for relief as follows:

1.      That Plaintiff's Complaint be dismissed as to the County and that he take nothing thereby; and

2.      For such other and further relief as the Court deems just, including an award of the reasonable costs and attorneys' fees incurred by the County in this matter.

DATED this 22nd day of September, 2009.

                              JOHN T. BUJAK
                              PROSECUTING ATTORNEY
                              CANYON COUNTY, IDAHO

By      /s/
   Samuel B. Laugheed, Attorneys for
   Defendants Hurst and Smith

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September, 2009, I electronically filed the foregoing **ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system and sent a true and correct copy of the foregoing was served on the following in the manner indicated:

| | |
|---|---|
| Charles E. Lincoln, III | [x] Regular Mail |
| 6102 Valleyview Drive | [ ] Hand Delivery |
| Lago Vista, TX 78645 | [ ] Overnight Mail |
| | [ ] Facsimile |

By _____/s/_____
Samuel B. Laugheed