Kenneth C. Howell, ISB No. 3235
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5226
Email: khowell@hawleytroxell.com

Attorneys for Defendant WELLS FARGO BANK

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES EDWARD LINCOLN, III,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHWEST TRUSTEE SERVICES, WELLS FARGO BANK, as successor by merger to WELLS FARGO HOME MORTGAGE, INC., FIRST AMERICAN TITLE CORPORATION, THE FLORIDA DEFAULT LAW GROUP, L.L.C., FIRST AMERICAN CORPORATION, WILLIAM "BILL" HURST, CHRIS SMITH, and all JOHN & JANE DOES 1-50,<br><br>Defendants. | Case No. CV 09-430-S-BLW<br><br>RESPONSE TO APPLICATION FOR TEMPORARY RESTRAINING ORDER |

COMES NOW Wells Fargo Bank, N.A., by and through its counsel, Hawley Troxell Ennis & Hawley, LLP, and files this response to Plaintiff's Application for Temporary Restraining Order.

RESPONSE TO APPLICATION FOR TEMPORARY RESTRAINING ORDER
- 1

# I.
# INTRODUCTION

On September 1, 2009, Plaintiff Charles Edward Lincoln, III filed his Application for Temporary Restraining Order, seeking to restrain a trustee's sale taking place on September 2, 2009. Whether by tardy filing or service or process, the sale took place prior to the Application being presented to the Court. On September 4, 2009, the Court noted that the sale had already taken place, and set this Application for hearing on October 28, 2009. See Docket Entry Order dated September 4, 2009 (Docket #4).

Plaintiff requested four specific orders pursuant to his Application: (1) a restraining order requiring the postponement of the sale; (2) a preliminary injunction allowing Plaintiff's tenants to live in the property pending the resolution of the underlying Complaint; (3) a restraining order precluding the sale of the property at issue pending a preliminary injunction hearing; and (4) a restraining order precluding the sale of the property pending resolution of the underlying Complaint.

As the sale of the property has already taken place, the requests for restraining orders sought by Plaintiff are moot. Moreover, the underlying premise of Plaintiff's basis for judicial relief of any stripe is faulty in the extreme, leaving little probability that Plaintiff would ever succeed on the merits. In fact, Plaintiff has failed to state a valid claim for relief, and Plaintiff's entire action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

# II.
# PLAINTIFF'S REQUESTED RELIEF IS MOOT

As the Court has already noted in Docket #4, the sale of the property in fact took place on September 2, 2009. Plaintiff's requested relief of a temporary restraining order precluding the sale is therefore moot.

RESPONSE TO APPLICATION FOR TEMPORARY RESTRAINING ORDER
- 2

## III.
## PLAINTIFF IS UNABLE TO MEET THE LEGAL STANDARD FOR INJUNCTIVE RELIEF

An injunction is an "extraordinary remedy" that is never awarded as of right. *Winter v. Natural Resources Defense Council*, ___ U.S. ___, 129 S.Ct. 365, 375, 172 L.Ed.2d 249 (2008). The Third Circuit Court of Appeals has outlined four factors that a court ruling on a motion for a preliminary injunction must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. *Crissman v. Dover Downs Entertainment Inc.*, 239 F.3d 357, 364 (3d Cir.2001). These same factors are used to determine a motion for a temporary restraining order. *Bieros v. Nicola*, 857 F.Supp. 445, 446 (E.D.Pa.1994).

The above factors merely "structure the inquiry" and no one element will necessarily determine the outcome. The court must engage in a delicate balancing of all the elements, and attempt to minimize the probable harm to legally protected interests between the time of the preliminary injunction to the final hearing on the merits. *Constructors Association of Western Pa. v. Kreps*, 573 F.2d 811, 815 (3d Cir.1978). The movant bears the burden of establishing these elements. *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 486 (3d Cir.2000). These are the same standards used in the 9th circuit. See *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir.2008) (en banc).

A. **Plaintiff cannot show a reasonable probability of success on the merits because Plaintiff fails to state a claim for relief.**

Plaintiff's principal complaint as against Wells Fargo appears to be that Wells Fargo cannot show that it has the original promissory note, and that the notice of sale did not properly

RESPONSE TO APPLICATION FOR TEMPORARY RESTRAINING ORDER
- 3

identify a "beneficiary of sale." Whether or not Wells Fargo can produce the original promissory note, Plaintiff has not established any violation of Idaho law on the foreclosure of a deed of trust. Idaho law simply does not require proof of possession of an original promissory note to foreclose a deed of trust. Plaintiff has failed provide any authorities for this proposition, and it simply does not appear in Idaho's statutes addressing foreclosures of deeds of trust. *See generally* Idaho Code § 45-1505 – 1506A.

Idaho Code § 45-1505 provides that a deed of trust may be foreclosed when for specific conditions exist: (1) the trust deed together with any assignments are recorded in the county where the property is located; (2) there is a default by the grantor; (3) a notice of default has been recorded which (a) specifies the deed of trust, the names of the trustor and the original recording information or a description of the property; and (b) contains a statement that the obligation secured by the deed of trust has been breached and the election of the trustor to sell the property; and (4) that no other action, suit or proceeding has been instituted to recover the debt secured by the property. *See* Idaho Code § 45-1505 (1) through (4). [1]

Following the recording of a notice of default, a notice of sale must issue which contains substantially the same requirements for identifying the property, identity of parties and the debt. *See generally*, Idaho Code § 45-1506 (4). Specifically, this section of the Idaho Code only requires that the "names of the grantor, trustee and beneficiary in the trust deed" need be identified. Idaho Code § 45-1506(4)(a).

---

[1] Certain additional notice requirements are specified, which do not appear to be in issue in Plaintiff's complaint.

RESPONSE TO APPLICATION FOR TEMPORARY RESTRAINING ORDER
- 4

Plaintiff complains that the notice of default and notice of sale did not "follow the Idaho foreclosure statutes because [Northwest Trustee Services] did not identify itself or anyone else as the beneficiary under the deed of trust and thus did not reveal that it was the party initiating the foreclosure."

The notice of sale, attached as Exhibit B to Plaintiff's Complaint, however, clearly identifies the parties that are statutorily required to be identified: the grantor (Hal Kuder, Jr.), the original and successor trustee (Pioneer Title Company and Northwest Trustee Services, respectively), and the beneficiary (Wells Fargo Bank, N.A.).

Plaintiff complains of a failure to designate a "beneficiary of sale" as opposed to the beneficiary listed in the deed of trust. *See* Application for Temporary Restraining Order, Docket #2 at page 2. Tellingly, Plaintiff cites to no provision of Idaho law which set out these purported requirements. Plaintiff has thus, as an initial matter, utterly failed in his burden of proof to show that any predicate failure to follow Idaho law exists which would support any relief in this action, much less any injunctive relief. Because Plaintiff has failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), his request for any relief, much less injunctive relief, should be denied.

**B.    Plaintiff's requested injunctive relief should be denied due to the failure to allege irreparable injury.**

Plaintiff's sole allegation as to an "irreparable" injury is the loss of "use, benefit and control over his property and the eviction of his tenants...." *See* Application, Docket #2 at page 4. Plaintiff simply fails to allege any injury which could not be compensated adequately at law in money damages should Plaintiff ultimately prevail. As to any claim for damages to Plaintiff's tenants, Plaintiff has no standing to raise those claims.

RESPONSE TO APPLICATION FOR TEMPORARY RESTRAINING ORDER
- 5

## IV.
## CONCLUSION

Plaintiff fails to state a valid claim for relief in insisting that the notice of sale was somehow defective in that it failed to allege a "beneficiary of sale" as opposed to the beneficiary under the deed of trust. Plaintiff's failure to state a valid claim precludes any finding of a probability of success on the merits, and therefore any injunctive relief, whether by temporary restraining order or preliminary injunction, should be denied. Moreover, since the relief requested – stopping the sale – cannot occur since the sale has already taken place, Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction should be dismissed as moot.

DATED THIS 25th day of September, 2009.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____
Kenneth C. Howell
Attorneys for Defendant WELLS FARGO BANK

RESPONSE TO APPLICATION FOR TEMPORARY RESTRAINING ORDER
- 6

03893.0240.1669102.1

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25 day of September, 2009, I electronically filed the foregoing RESPONSE TO APPLICATION FOR TEMPORARY RESTRAINING ORDER with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Charles Edward Lincoln, III<br>charles.e.lincoln@att.net | Lance E. Olsen<br>ecfid@rcflegal.com |
| Samuel B. Laugheed<br>slaugheed@canyonco.org | John T. Bujak<br>jbujak@canyonco.org |

_____
Kenneth C. Howell

RESPONSE TO APPLICATION FOR TEMPORARY RESTRAINING ORDER
- 7