Kenneth C. Howell, ISB No. 3235
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5226
Email: khowell@hawleytroxell.com

Attorneys for Defendant WELLS FARGO BANK

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| CHARLES EDWARD LINCOLN, III, | ) | Case No. CIV09-430-S-BLW |
| Plaintiff, | ) ) ) | ANSWER |
| vs. | ) ) | |
| NORTHWEST TRUSTEE SERVICES, WELLS FARGO BANK, as successor by merger to WELLS FARGO HOME MORTGAGE, INC., FIRST AMERICAN TITLE CORPORATION, THE FLORIDA DEFAULT LAW GROUP, L.L.C., FIRST AMERICAN CORPORATION, WILLIAM "BILL" HURST, CHRIS SMITH, and all JOHN & JANE DOES 1-50,, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

COMES NOW WELLS FARGO BANK, N.A. ("Wells Fargo"), by and through its

counsel, Hawley Troxell Ennis & Hawley, LLP, and for an answer to Plaintiff's Complaint,

avers as follows:

ANSWER - 1

# I.
## GENERAL DEFENSE

Except as specifically admitted herein, Wells Fargo denies each and every provision of Plaintiff's Complaint.

# II.
## FAILURE TO STATE A CLAIM

Plaintiff's Complaint fails to state a cause of action for relief and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

# III.
## ADMISSIONS AND DENIALS

1.      With respect to paragraph 1 of Plaintiff's Complaint, no response appears to be required.

2.      With respect to paragraph 2 of Plaintiff's Complaint, Wells Fargo has no basis to admit the claims alleged therein, and accordingly denies the same based on a lack of information and belief.

3.      With respect to paragraph 3 of Plaintiff's Complaint, Wells Fargo admits that Plaintiff makes certain claims, but denies that Plaintiff is entitled to make these claims, that the claims are factually supported, and that Plaintiff has made a prima facie showing required for the claims.

4.      With respect to paragraph 4 of Plaintiff's Complaint, Wells Fargo admits that the Court has Federal Question jurisdiction, but that otherwise no response appears to be required, but Wells Fargo denies the same and moves to strike as it does not state a plain basis for relief.

5.      With respect to paragraph 5 of Plaintiff's Complaint, no response appears to be required, but Wells Fargo denies the same and moves to strike as it does not state a plain basis for relief.

ANSWER - 2

6.      With respect to paragraph 6 of Plaintiff's Complaint, no response appears to be required, but Wells Fargo denies the same and moves to strike as it does not state a plain basis for relief.

7.      With respect to paragraph 7 of Plaintiff's Complaint, no response appears to be required, but Wells Fargo denies the same and moves to strike as it does not state a plain basis for relief.

8.      With respect to paragraph 8 of Plaintiff's Complaint, no response appears to be required, but Wells Fargo denies the same and moves to strike as it does not state a plain basis for relief.

9.      With respect to paragraph 9 of Plaintiff's Complaint, no response appears to be required.

10.     With respect to paragraph 10 of Plaintiff's Complaint, Wells Fargo admits only that it conducts business in Boise, Idaho.

11.     With respect to paragraph 11 of Plaintiff's Complaint, Wells Fargo has a lack of information and belief sufficient to admit any of the provisions alleged, and accordingly denies the same based upon a lack of information and belief.

12.     Wells Fargo denies the provisions of paragraphs 12 of Plaintiff's Complaint.

13.     With respect to paragraph 13 of Plaintiff's Complaint, Wells Fargo admits that the property referenced was listed for sale, and in fact sold.

14.     With respect to paragraph 14 of Plaintiff's Complaint, Wells Fargo denies the same.

15.     With respect to paragraph 15, of Plaintiffs Complaint, Wells Fargo alleges only that the allegations in the Florida action speak for themselves.

ANSWER - 3

16.     With respect to paragraph 16 and 17 of Plaintiff's Complaint, Wells Fargo alleges only that the allegations in the Florida action speak for themselves.

17.     With respect to paragraphs 18 through 23 of Plaintiff's Complaint, no response appears to be required, but Wells Fargo denies the same and moves to strike as it does not state a plain basis for relief.

18.     With respect to paragraph 24 of Plaintiff's Complaint, no response appears to be required, but Wells Fargo denies the same and moves to strike as it does not state a plain basis for relief.

19.     With respect to paragraphs 25, 26 and 27, of Plaintiff's Complaint, Wells Fargo denies the same.

20.     With respect to paragraphs 28 through 34 of Plaintiff's Complaint, Wells Fargo denies the same.

21.     With respect to paragraph 35, Wells Fargo incorporates its responses to the referenced paragraphs.

22.     With respect to paragraph 36 of Plaintiff's Complaint, Wells Fargo denies the same.

23.     With respect to paragraph 37, Wells Fargo incorporates its responses to the referenced paragraphs.

24.     With respect to paragraphs 38 through 56, Wells Fargo admits only that Idaho law implies a covenant of good faith and fair dealing to all contracts, and that certain black letter law descriptions of consideration as quoted from the Lettunich v. Key Bank case are true, but Wells Fargo denies that they have any application to this action, or that they are well pled and should thus be stricken.  Wells Fargo denies the balance of paragraphs 38 through 56.

ANSWER - 4

25.     With respect to paragraph 57 of Plaintiff's Complaint, Wells Fargo incorporates and realleges its responses to the referenced paragraphs.

26.     With respect to paragraphs 58 through 61 of Plaintiff's Complaint, no response appears to be necessary by Wells Fargo, but Wells Fargo denies each and every paragraph.

27.     With respect to paragraph 62 of Plaintiff's Complaint, Wells Fargo incorporates and realleges its responses to the referenced paragraphs.

28.     With respect to paragraphs 63 through 68 of Plaintiff's Complaint, no response appears to be necessary by Wells Fargo, but Wells Fargo denies each and every paragraph.

29.     With respect to paragraph 69 of Plaintiff's Complaint, Wells Fargo incorporates and realleges its responses to the referenced paragraphs.

30.     With respect to paragraph 70, no response appears to be necessary by Wells Fargo, but Wells Fargo denies that Plaintiff is entitled to the requested relief.

## IV.
## AFFIRMATIVE DEFENSES

1.     Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, dismissed pending the filing of a more definite statement by Plaintiff.

2.     Plaintiff's claims are barred by the doctrine of res judicata, including both issue and fact preclusion.

3.     Plaintiff's claims are barred by the equitable doctrines of laches, waiver and unclean hands.

4.     Plaintiff's claims are barred due to a lack of contractual privity.

5.     Plaintiff's claims are barred by estoppel.

ANSWER - 5

6.      Wells Fargo has fully performed all contractual, statutory or other duties owed to Plaintiff, if any there were or if any there be, and Plaintiff is, therefore, barred from asserting any cause of action against Wells Fargo.

7.      Wells Fargo has considered and believes that it has additional affirmative defenses but that it cannot, based on the strictures of Federal Rule of Procedure 11, state them at this time. Wells Fargo reserves the right to amend its answer to state additional affirmative defenses at such time as its Rule 11 obligations can be satisfied.

WHEREFORE, Wells Fargo prays for relief as follows:

1.      That Plaintiff's Complaint be dismissed and that he take nothing thereby;

2.      For an award of the reasonable costs and attorneys' fees incurred by Wells Fargo in this matter;

3.      For such other and further relief as to the Court may seem just.

DATED THIS _____ day of September, 2009.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____
Kenneth C. Howell
Attorneys for Defendant WELLS FARGO
BANK

ANSWER - 6

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29 day of September, 2009, I electronically filed the foregoing ANSWER with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Charles Edward Lincoln, III
charles.e.lincoln@att.net

John T. Bujak
jbujak@canyonco.org

Samuel B. Laugheed
slaugheed@canyonco.org

_____
Kenneth C. Howell

ANSWER - 7