IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CHARLES EDWARD LINCOLN III ) | | |
| ) | Case No. CV-09-430-S-BLW | |
| Plaintiff, ) | | |
| ) | **MEMORANDUM DECISION** | |
| v. ) | **AND ORDER** | |
| ) | | |
| NORTHWEST TRUSTEE ) | | |
| SERVICES, et al., ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

## INTRODUCTION

The Court has before it Plaintiff's Motion For Temporary Restraining Order (Docket No. 2) and Plaintiff's Motion to Substitute Counsel and Continue Hearing (Docket No. 18).

## ANALYSIS

The United States Supreme Court recently articulated the standard for a preliminary injunction as follows: "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 374 (2008). A "possibility" of

**Memorandum Decision and Order - 1**

irreparable harm is insufficient; irreparable injury must be "likely" in the absence of an injunction. *Id.*  A preliminary injunction is "an extraordinary remedy never awarded as of right." *Id.* at 376.  In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.*

Here, the Court is somewhat perplexed by Plaintiff's motion for TRO. Plaintiff seeks a TRO requesting the following: (1) postponement of the sale of certain real property; (2) an order allowing Plaintiff's tenants to reside in that property pending resolution of this matter; (3) an order Precluding sale of the property pending a TRO hearing; and (4) an order Precluding sale of the property pending resolution of the underlying Complaint.  However, it is undisputed that the property at issue was sold on September 2, 2009.  Under these circumstances, the Court can see no way for the Plaintiff to meet his burden under the Supreme Court's standard for issuance of a TRO.

This brings the Court to Plaintiff's second pending motion – the motion to continue the hearing and substitute counsel for Plaintiff who is currently representing himself pro se.  Plaintiff's request to be represented by counsel seems like an appropriate move for Plaintiff.  In fact, the Court earlier granted Plaintiff's request to extend his deadline for filing a reply brief in support of his motion for

**Memorandum Decision and Order - 2**

TRO because Plaintiff represented to the Court that he was in the process of obtaining counsel.  Specifically, Plaintiff represented to the Court that he was in the process of obtaining counsel who was licensed to practice law in California and who would apply for admission *pro haec vice* in the District of Idaho by no later than Friday, October 16, 2009. (See Plaintiff's Motion for Extension of Time, Docket No. 15, p. 2).  Unfortunately, Plaintiff did not comply with his own self-imposed deadline.

Plaintiff now asks the Court to postpone the scheduling conference and the hearing on the TRO.  Plaintiff also asks the Court to temporarily waive the requirement for local counsel.  Given Plaintiff's failure to meet his earlier deadline for his counsel to enter an appearance, coupled with his failure to comply with the extended deadline for filing a reply brief in support of his motion for TRO,  the Court is unwilling to simply continue hearings in this matter while Plaintiff's motions remain pending on the Court's docket.

Based upon the unjustified delays in this case and the apparent futility of Plaintiff's motion for TRO at this point, the Court will vacate the hearing currently scheduled for October 27, 2009 at 1:00 p.m. and summarily deny the motion without prejudice. Plaintiff may re-file his request for injunctive relief if he is able to find legal or factual support for such a motion in the future.  However, the Court

**Memorandum Decision and Order - 3**

will grant a short continuance of the scheduling conference in order to give

Plaintiff one more chance to obtain counsel to represent him in this matter.  The

Court will note, however, that counsel for Plaintiff must either (1) be licensed to

practice law in the State of Idaho or (2) have applied for admission pro hac vice

**and** associated with local counsel.   Local counsel will also be required to

participate in the scheduling conference.  If Plaintiff is unable to retain counsel

who can properly appear in this case on his behalf, he will be required to represent

himself at the hearing.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion For

Temporary Restraining Order (Docket No. 2) shall be, and the same is hereby,

DENIED without prejudice. Plaintiff may re-file a motion for TRO at a later date if

the motion is supported by relevant facts and law.  The hearing scheduled for

October 27, 2009 at 1:00 p.m. is VACATED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Substitute Counsel

and Continue Hearing (Docket No. 18) shall be, and the same is hereby,

GRANTED in part and DENIED in part.  The hearing scheduled for October 27,

2009 at 8:30 a.m. shall be VACATED. However, the Court will not waive the

requirement that an attorney who represents Plaintiff in this matter either be

**Memorandum Decision and Order - 4**

licensed to practice law in the State of Idaho or have applied for pro hac vice admission in the District of Idaho and associated with local counsel.

IT IS FURTHER ORDERED that a telephonic scheduling conference be held on **November 5, 2009 at 3:30 p.m.**  Plaintiff is requested to initiate the conference call. The Court prefers that a Conference Operator be used to place the call to connect all parties. The Court can be reached at (208) 334-9145.

DATED:  **October 26, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge