Charles E. Lincoln, Plaintiff, *pro se*
E-Mail: charles.lincoln@rocketmail.com
c/o Dr. Orly Taitz, Attorney-at-Law
29839 Santa Margarita Parkway
Rancho Santa Margarita CA 92688
Tel: (512) 968-2500; Fax (949) 766-7603

U.S. COURTS

NOV 3 0 2009

Rcvd_____Filed_____Time_____
CAMERON S. BURKE
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

CHARLES EDWARD LINCOLN, III, §
   Plaintiffs, §
§
vs. §
§
NORTHWEST TRUSTEE SERVICES. § CIVIL ACTION NUMBER:
WELLS FARGO BANK, as successor by § **09-430-S-BLW**
merger to WELLS FARGO HOME §
MORTGAGE, INC., FIRST AMERICAN §
TITLE CORPORATION, THE § TRIAL-BY-JURY DEMANDED
FLORIDA DEFAULT LAW GROUP, §
L.L.C., FIRST AMERICAN §
CORPORATION, WILLIAM "BILL" §
HURST, CHRIS SMITH, and all JOHN § MOTION FOR HEARING RE:
& JANE DOES 1-50, § SCHEDULING ORDER &
   Defendants. § NEED TO CERTIFY CLASS

## MOTION FOR HEARING RE: SCHEDULING ORDER & NEED TO CERTIFY CLASS ACTION

    Comes now the undersigned plaintiff pro se, no secure arrangement for counsel having been made as of Saturday, November 28, 2009, with this motion for hearing re: scheduling order and need to certify class action.

    The undersigned pro se plaintiff submits and contends that key elements of this litigation relate to questions of nationwide mortgage finance and municipal (county level administration, subject to state-wide patterns of) custom, practice, and policy concerning the handling and documentation of property recording and mortgage foreclosure.

Plaintiff has contended and continued to contend that class certification is the most appropriate avenue for resolving these issues:

*Plaintiff's Motion for Hearing concerning Scheduling Order and Class Certification pursuant to Fed. R. Civ. Pro. Rule 23*     --1--      Charles Edward Lincoln, III, pro se, in pro per
c/o Peyton Yates Freiman
603 Elmwood Place, Suite #6
Austin, Texas 78705

(1) All Wells Fargo mortgage contracts are identical nationwide in that they neither promise, specify nor actually provide any consideration from Wells Fargo to the borrower/debtor, so they are not in fact BILATERAL contracts supported by mutual consideration at all, and they only become binding UNILATERAL contracts upon borrower's/debtor's perfected and completed performance, which Wells Fargo often obstructs by manipulation of terms/conditions of servicing.

(2) All Promissory Notes made out to Wells Fargo (and/or absorbed banks now subsidiary to Wells Fargo) have been securitized, which breaks privity of contract, precludes determination of holder in due course, and renders the notes uncollectable.

(3) The process of securitizing mortgage notes, whether pooled as Collateral Backed Obligations in debt or equity, act automatically to break common law privity of contract and destroy holder in due course status.

(4) Any judicial or statutory exception to the doctrines of privity of contract and holder in due course status for promissory note debt collectors is contrary to the constitutional prohibition on impairment of contracts, and hence is unconstitutional.

(5) Any Idaho property encumbered by a note, which is shown to have been pooled and/or securitized by inclusion in any derivative debt instrument, should be declared free of such encumbrances.

(6) Any judicial or statutory authorization for the collection of securitized notes by deeds of trust also act and operate as unconstitutional impairments on the operation of contract.

(7) All securitized Wells Fargo Mortgages secured by deeds of trust in the state of Idaho should be declared null and void slanders of title.

**Class Action Status Certification determines proper Scheduling Order**

As is shown in the attached correspondence, Plaintiff and counsel for the Defendants have discussed this issue and cannot agree on a scheduling order prior to the November 30, 2009, deadline agreed with the court.

*Plaintiff's Motion for Hearing concerning Scheduling Order and Class Certification pursuant to Fed. R. Civ. Pro. Rule 23*

--2--

Charles Edward Lincoln, III, pro se, in pro per
c/o Peyton Yates Freiman
603 Elmwood Place, Suite #6
Austin, Texas 78705

Plaintiff submits that this case cannot properly be resolved except as a class action because of the nature of the issues involved, and Defense counsel Kenneth Howell properly points out that his proposed scheduling order is tailored to the presumption that there is no class action pending or likely. However, Plaintiff submits that even if class certification in this case were impossible, for whatever reasons, the complexity of the issues raised is significantly greater Defendant's characterization of this action as a "contract claim" in their proposed scheduling order, implying that nothing more is at issue than mere breach of contract or even simple contractual interpretation, because the issues revolve around whether the mortgage industry has in effect created a series of illusions and enlisted local law enforcements and courts into perpetuating those illusions.

Mr. Howell's proposed "expedited track" discovery in this case would end in June 2010 which would require Plaintiff's experts to be disclosed by April 18, 2010. This is simply unrealistic from the Plaintiff's standpoint, because even if initial written discovery can be submitted in December (Defendants propose, perhaps by way of typographic error that "initial disclosures required by Rule 26(f) be made by December 18, 2010---presumably the Defendants MEAN December 18, 2009, but if December 18, 2009, this is utterly impossible for the Plaintiff to achieve).

Plaintiff submits, in particular, that discovery may enable the identification of multiple additional parties such as those involved in securitization and purchase of securities, and that these parties must then be joined in amended pleadings and subject to discovery. There should, therefore, be at least two waives of written and oral discovery: one for the original defendants and a second waive for the additional defendants or witnesses revealed by discovery. Only in this manner can the chain of title to the note and chain of assignments of the Deed of Trust be adequately tested and explored.

*Plaintiff's Motion for Hearing concerning Scheduling Order and Class Certification pursuant to Fed. R. Civ. Pro. Rule 23*   —3—   Charles Edward Lincoln, III, pro se, in pro per
c/o Peyton Yates Freiman
603 Elmwood Place, Suite #6
Austin, Texas 78705

WHEREFORE, Plaintiff prays that the Court will either grant complex track discovery and scheduling or at least permit a hearing on the need to certify a class action concerning the issues in this case.

Saturday, November 28, 2009

Respectfully submitted,

By: *[signature]*
Charles E. Lincoln, Plaintiff, *pro se*
E-Mail: charles.lincoln@rocketmail.com
c/o Dr. Orly Taitz, Attorney-at-Law
29839 Santa Margarita Parkway
Rancho Santa Margarita CA 92688
Tel: (949) 683-5411; Fax (949) 766-7603

Alternative:
c/o Peyton Yates Freiman
603 Elmwood Place, #6
Austin, Texas 78705

Telephone: (512) 923-1889
e-mail: freimanthird@gmail.com

*Plaintiff's Motion for Hearing concerning Scheduling Order and Class Certification pursuant to Fed. R. Civ. Pro. Rule 23*

--4--

Charles Edward Lincoln, III, pro se, in pro per
c/o Peyton Yates Freiman
603 Elmwood Place, Suite #6
Austin, Texas 78705

**PROOF OF SERVICE**

I the undersigned Peyton Yates Freiman, being over the age of 18 and neither a party nor an attorney-at-law representing any party to this case, do hereby declare under penalty of perjury that on this Saturday, November 27, 2009, Plaintiff Charles E. Lincoln provided electronic (e-mail attachment) copies of the Plaintiffs' above-and-foregoing Motion for Hearing Concerning Scheduling Order and Class Certification pursuant to Fed. R. Civ. Pro Rule 23 upon:

Kenneth C Howell
HAWLEY TROXELL ENNIS & HAWLEY
PO Box 1617
Boise, ID 83701
(208) 344-6000
Fax: 1-208-342-3829
Email: kch@hteh.com
                 and
Samuel Bedell Laugheed and/or John T. Bujak
CANYON COUNTY PROSECUTING ATTORNEY'S OFFICE
1115 Albany St
Caldwell, ID 83605
208-454-7383
Email: slaugheed@canyonco.org, jbujak@canyonco.org

DONE AND EXECUTED ON THIS Saturday the 27nd day of November, 2009.

Peyton Yates Freiman
603 Elmwood Place, Suite #6
Austin, Texas 78705
freimanthird@gmail.com
charles.lincoln@rocketmail.com
Tel: (512) 923-1889

*Plaintiff's Motion for Hearing concerning Scheduling Order and Class Certification pursuant to Fed. R. Civ. Pro. Rule 23*    --5--     Charles Edward Lincoln, III, pro se, in pro per
c/o Peyton Yates Freiman
603 Elmwood Place, Suite #6
Austin, Texas 78705