

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A:
# Plaintiff's Proposed
# Complex Track Scheduling Order

*Plaintiff's Motion for Hearing concerning Scheduling Order and Class Certification pursuant to Fed. R. Civ. Pro. Rule 23*    —6—    Charles Edward Lincoln, III, pro se, in pro per
c/o Peyton Yates Freiman
603 Elmwood Place, Suite #6
Austin, Texas 78705

# LITIGATION PLAN
### (Revised Effective 11/17/03)

DATE OF CASE MANAGEMENT CONFERENCE: Monday November 23-30, 2009

CASE NO: 09-430-S-BLW    NATURE OF SUIT: Decla Judg Commercial Paper/Notes

CASE NAME: Lincoln v. Northwest Trustee Services, et al.

PARTY SUBMITTING PLAN:
- [ ] Plan **has been** stipulated to by all parties.
- [✔] Plan **has not been** stipulated to, but is submitted by:

ATTORNEY: Charles Edward Lincoln, Plaintiff, pro se

REPRESENTING: Plaintiff, pro se, in propia persona

1. **CASE MANAGEMENT TRACK**: Indicate the track that best fits your case. Designation of a track is not binding but will assist the Court in assessing its workload and selecting a trial date and discovery schedule that meets counsel's needs.

    - [ ] **Expedited Track** - Cases on this track will typically be set for trial approximately 9 to 12 months following the case management conference; take 4 days or less to try; and involve limited discovery.
    - [ ] **Standard Track** - Cases on this track will typically be set for trial approximately 12 to 15 months following the case management conference; and take about 5-10 days to try.
    - [✔] **Complex Track** - Cases on this track will typically be set for trial approximately 15 to 24 months following the case management conference; take 10 days or more to try; involve extensive discovery with staggered discovery schedules; and have extensive expert testimony.
    - [ ] **Legal Track** - Cases that involve legal issues likely to be resolved by motion rather than trial. A motion hearing will be set at the case management conference.

2. **DISPOSITIVE MOTIONS FILING CUT-OFF DATE**: November 1, 2010
    a. This is the critical event for case management and will dictate when the trial will be set. Unless the case is resolved through dispositive motions, the case will be tried approximately 6 months following this date. Therefore, it is strongly recommended that this cut-off date be set within 3-6 months following the case management conference for an expedited track case, within 6-12 months for a standard track case, and within 9-18 months for a complex track case.

3. **JOINDER OF PARTIES & AMENDMENT OF PLEADINGS CUT-OFF DATE:** October 15, 2009 (new parties may be identified through end/discovery)
   (Not more than 3 months following the Case Management Conference).

4. **ADR PLAN TO BE FILED WITH ADR COORDINATOR BY:** June 1, 2010
   (90 days after the Case Management Conference).
   a. The ADR Plan must indicate the form of ADR which will be utilized and the timeframe within which it will be completed. Regardless of whether the parties choose mediation, a judicially-supervised settlement conference, or some other form of ADR, the Court strongly encourages the attorneys to schedule ADR early in the proceedings and in advance of the filing of dispositive motions so as to reduce the cost of litigation for their clients. In addition, the trial will be set very soon after the resolution of dispositive motions so that there will be little time to engage in meaningful ADR after that date.

5. **DISCOVERY PLAN PROPOSED, Fed. R. Civ. P. 26(f):**
   Initial Disclosures due February 1, 2010

6. **DISCOVERY CUT-OFF DATE:** October 1, 2010
   (15-30 days prior to the dispositive motion cutoff).
   a. Counsel may, however, stipulate that after dispositive motions have been decided the parties will engage in additional discovery focused on trial preparation. This may include discovery relating to damage claims and other issues not typically resolved by dispositive motions.

7. **EXPERT TESTIMONY DISCLOSURES: Local Rule 26.2(b)**
   a. Plaintiff identify and disclose expert witnesses by: August 1, 2010
      (60 days prior to the discovery cut-off).
   b. Defendant identify and disclose experts by: September 1, 2010
      (30 days after Plaintiff's disclosure.)
   c. Disclosure of rebuttal experts by: September 16, 2010
      (2 weeks after Defendant's disclosure.)

8. **TRIAL DATE:** The date of the trial and the pretrial conference will be scheduled at a trial scheduling conference following the resolution of dispositive motions and the conclusion of court-supervised ADR.

9. **ESTIMATED LENGTH OF TRIAL:** 4-7 days
   Jury demanded? YES    Jury demanded by which party? Plaintiff in Original Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit B:
# Defendants' Proposed
# Expedited Track Scheduling Order

*Plaintiff's Motion for Hearing concerning Scheduling Order and Class Certification pursuant to Fed. R. Civ. Pro. Rule 23*

--7--

Charles Edward Lincoln, III, pro se, in pro per
c/o Peyton Yates Freiman
603 Elmwood Place, Suite #6
Austin, Texas 78705

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit C:
# Plaintiff's E-Mail to
# Howell, Bujak, & Laugheed
# Dated Monday
# November 23, 2009

*Plaintiff's Motion for Hearing concerning Scheduling Order and Class Certification pursuant to Fed. R. Civ. Pro. Rule 23*  —8—  Charles Edward Lincoln, III, pro se, in pro per
c/o Peyton Yates Freiman
603 Elmwood Place, Suite #6
Austin, Texas 78705



ATTORNEYS AND COUNSELORS

Hawley Troxell Ennis & Hawley LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, Idaho 83701-1617
208.344.6000
www.hawleytroxell.com

KENNETH C. HOWELL
ADMITTED TO PRACTICE LAW IN IDAHO
khowell@hawleytroxell.com
DIRECT DIAL: 208.388.4823
DIRECT FAX: 208.954.5226

November 23, 2009

**VIA E-MAIL**

Charles E. Lincoln (charles.e.lincoln@att.net)
6102 Valleyview Drive
Lago Vista, TX 78645

John T. Bujak (jbujak@canyonco.org)
Samuel B. Laugheed (slaugheed@canyonco.org)
Canyon County Prosecuting Attorney
Canyon County Courthouse
1115 Albany Street
Caldwell, ID 83605

      Re:   *Lincoln v. Northwest Trustee Services, et al.*
             *Case No.: CV 09-430-S-BLW*

Gentlemen:

    I am enclosing a proposed form of Litigation Plan to be filed with the Court consistent with the Court's local rules, and the order given during the last telephone scheduling conference.

    Please review the enclosure, and advise me of your agreement to the same. Should you have any questions, please do not hesitate to contact me.

                                Cordially,

                                HAWLEY TROXELL ENNIS & HAWLEY LLP

                                Kenneth C. Howell

KCH/tas
Enclosure

# LITIGATION PLAN
## (Revised Effective 11/17/03)

DATE OF CASE MANAGEMENT CONFERENCE: Monday

CASE NO: 09-430-S-BLW   NATURE OF SUIT: Contract claim

CASE NAME: Lincoln v. Northwest Trustee Services, et al.

PARTY SUBMITTING PLAN:
- [✓] Plan **has been** stipulated to by all parties.
- [ ] Plan **has not been** stipulated to, but is submitted by:

ATTORNEY: Kenneth C. Howell

REPRESENTING: Wells Fargo Bank

1. **CASE MANAGEMENT TRACK:** Indicate the track that best fits your case. Designation of a track is not binding but will assist the Court in assessing its workload and selecting a trial date and discovery schedule that meets counsel's needs.

   - [✓] **Expedited Track** - Cases on this track will typically be set for trial approximately 9 to 12 months following the case management conference; take 4 days or less to try; and involve limited discovery.
   - [ ] **Standard Track** - Cases on this track will typically be set for trial approximately 12 to 15 months following the case management conference; and take about 5-10 days to try.
   - [ ] **Complex Track** - Cases on this track will typically be set for trial approximately 15 to 24 months following the case management conference; take 10 days or more to try; involve extensive discovery with staggered discovery schedules; and have extensive expert testimony.
   - [ ] **Legal Track** - Cases that involve legal issues likely to be resolved by motion rather than trial. A motion hearing will be set at the case management conference.

2. **DISPOSITIVE MOTIONS FILING CUT-OFF DATE:** July 16, 2010
   a. This is the critical event for case management and will dictate when the trial will be set. Unless the case is resolved through dispositive motions, the case will be tried approximately 6 months following this date. Therefore, it is strongly recommended that this cut-off date be set within 3-6 months following the case management conference for an expedited track case, within 6-12 months for a standard track case, and within 9-18 months for a complex track case.

3. **JOINDER OF PARTIES & AMENDMENT OF PLEADINGS CUT-OFF DATE:**
   March 1, 2010
   (Not more than 3 months following the Case Management Conference).

4. **ADR PLAN TO BE FILED WITH ADR COORDINATOR BY:** March 1, 2010
   (90 days after the Case Management Conference).
   a. The ADR Plan must indicate the form of ADR which will be utilized and the timeframe within which it will be completed. Regardless of whether the parties choose mediation, a judicially-supervised settlement conference, or some other form of ADR, the Court strongly encourages the attorneys to schedule ADR early in the proceedings and in advance of the filing of dispositive motions so as to reduce the cost of litigation for their clients. In addition, the trial will be set very soon after the resolution of dispositive motions so that there will be little time to engage in meaningful ADR after that date.

5. **DISCOVERY PLAN PROPOSED. Fed. R. Civ. P. 26(f):**
   No change to standard Fed.Civ.P. Rules. Initial disclosures to be made by December 18, 2010

6. **DISCOVERY CUT-OFF DATE:** June 18, 2010
   (15-30 days prior to the dispositive motion cutoff).
   a. Counsel may, however, stipulate that after dispositive motions have been decided the parties will engage in additional discovery focused on trial preparation. This may include discovery relating to damage claims and other issues not typically resolved by dispositive motions.

7. **EXPERT TESTIMONY DISCLOSURES: Local Rule 26.2(b)**
   a. Plaintiff identify and disclose expert witnesses by: April 16, 2010
      (60 days prior to the discovery cut-off).
   b. Defendant identify and disclose experts by: May 17, 2010
      (30 days after Plaintiff's disclosure.)
   c. Disclosure of rebuttal experts by: May 31, 2010
      (2 weeks after Defendant's disclosure.)

8. **TRIAL DATE:** The date of the trial and the pretrial conference will be scheduled at a trial scheduling conference following the resolution of dispositive motions and the conclusion of court-supervised ADR.

9. **ESTIMATED LENGTH OF TRIAL:** 4 days
   Jury demanded? No     Jury demanded by which party? _____

**Von:** Charles Lincoln (charles.lincoln@rocketmail.com)
**An:** Ken Howell; charles.e.lincoln@att.net
**Datum:** Montag, den 23. November 2009, 19:39:13 Uhr
**CC:** jbujak@canyonco.org; Samuel Laugheed
**Betreff:** AW: Lincoln v. Wells Fargo, et. al. [DMSMSG1.FID457521]

Dear Messrs. Howell, Laugheed, and Bujak:

My agenda in this litigation was and remains the "Big Picture" with respect to the Real Estate property law, and preserving the American Tradition, and my right to know to whom I pay my mortgage, and in the absence of proof that I owe someone, to retake my property, clear it of sale, and obtain Title Insurance for my property as being fee and clear.

Due to continuing problems and unresolved issues with my counsel of choice, Dr. Orly Taitz, who had absolutely agreed and committed to appear in this litigation even as of one month ago today, I remain simultaneously without committed counsel in this case and of the opinion that this case involves issues which go way beyond me and my situation, to abuses in the mortgage finance system which really have to be resolved by way of litigation which analyzes and factually deciphers the way loans are made and the way that commercial paper is transferred and issued.

Accordingly, I suggest, as daunting as it sounds, that we set this case for "Complex Track" and roll all deadlines back at least three-to-four months from Mr. Kenneth C. Howell's proposed "Expedited Track" Litigation Plan. It is simply not accurate to describe my complaint as nothing more than a "Contract Claim."

Surely there are contractual elements, but in sum and substance the declaratory judgment aspect of the case with regard to private and public sector management of claims to property based on commercial paper is both more important and will be more intensive from the discovery angle than the phrase "Contract claim" reflects in relationship to the original Hal Kuder, Jr., consumer transactions.

It turns out, by the way, that Hal Kuder, for whose interests I am assignee, is back in the United States (as of last I heard) and may be able to testify regarding consumer credit/fraud/predatory lending issues as well which I might otherwise have left out of the litigation.

If it turns out that, after discovery, Wells Fargo cannot document the full accounting history of the note, the present provenience and past ownership of the note since Hal Kuder issued it, it may be possible to resolve this case on a motion for summary judgment. I am guessing that there will be fact issues for trial regarding both the handling and history of the note and whether Canyon County officials were aware of the fraud inherent in the mortgage system, i.e., whether they were knowing participants in the "smoke and mirrors" games of modern mortgage finance.

So I ask you all to consider complex track, and the following deadlines:
(1)     Complex track (Class Action & Financial analysis) discovery plan.

(2)   Dispositive Motions Filing Cut off Date: November 1, 2010.
(3)   Joinder of parties and amendment of pleadings:   October 15, 2010 (because new parties involved in the handling of the note and/or contract may be discovered right up through the end of discovery).
(4)   ADR Plan to be filed with ADR Coordinator June 1, 2010
(5)   Initial Disclosures due by February 1, 2010.
(6)   Discovery cut-off date (THIS IS VERY IMPORTANT): October 1, 2010.
(7)   Expert Testimony Disclosures for Plaintiff August 1, 2010
       Defendant's September 1, 2010
       Rebuttal Experts: September 16, 2010
(9)   Length of Trial Estimated at 5-7 days (depending on issues resolve by motion prior to trial).

This is only my proposal, but I so sincerely believe that there are potential class actions issues here which must be resolved.

Thank you for your attention to these issues and your prompt response so that we can meet the Court's deadline of next Monday.

Yours very truly, CEL

*Deo Vindice*
*"May the Lord God be with you,*
       *and with thy spirit!"*
**Charles E. Lincoln, III**
   *Spiritual Patriot*
   *Tierra Limpia*
*Tel: 512.968.2500*

---

**Von:** Ken Howell <khowell@hawleytroxell.com>
**An:** Charles Lincoln <charles.lincoln@rocketmail.com>; charles.e.lincoln@att.net
**CC:** jbujak@canyonco.org; Samuel Laugheed <slaugheed@canyonco.org>
**Gesendet:** Montag, den 23. November 2009, 13:56:01 Uhr
**Betreff:** Lincoln v. Wells, et. al. [DMSMSG1.FID457521]

Gentlemen:

Please see letter attached.

--Ken

---

Do You Yahoo!?
Sie sind Spam leid? Yahoo! Mail verfügt über einen herausragenden Schutz gegen Massenmails.
http://mail.yahoo.com

# Exhibit D:
# Kenneth C. Howell's
# Wednesday November 25, 2009
# Response to
# Plaintiff's Letter

*Plaintiff's Motion for Hearing concerning Scheduling Order and Class Certification pursuant to Fed. R. Civ. Pro. Rule 23*   --9--   Charles Edward Lincoln, III, pro se, in pro per
c/o Peyton Yates Freiman
603 Elmwood Place, Suite #6
Austin, Texas 78705

**Von:** Ken Howell (khowell@hawleytroxell.com)
**An:** Charles Lincoln; charles.e.lincoln@att.net
**Datum:** Mittwoch, den 25. November 2009, 8:38:42 Uhr
**CC:** jbujak@canyonco.org; Samuel Laugheed
**Betreff:** RE: Lincoln v. Wells Fargo, Northwest Trustees, et al. [DMSMSG1.FID457521]

Mr. Lincoln:

I have reviewed your proposed litigation plan, and I am unable to agree to the timeframe you suggest. I have conferred with Canyon County, and they agree with the litigation plan I proposed.

Until such time as you actually are allowed to amend to state a class action, the time frames you suggest are simply far too long.

I have forwarded to the Court the attached litigation plan which is little changed from the initial version I provided to you. The initial disclosure date has been moved to December, 2009, correcting a typographical error. In all other material respects, it is unchanged. The plan is being submitted on behalf of Wells Fargo and Canyon County.

Under the local rules, you may certainly submit your own litigation plan. The Court will either make a decision on its own, or will schedule a hearing to resolve the differences.

--Ken

---

**From:** Charles Lincoln [mailto:charles.lincoln@rocketmail.com]
**Sent:** Monday, November 23, 2009 11:18 PM
**To:** Ken Howell; charles.e.lincoln@att.net
**Cc:** jbujak@canyonco.org; Samuel Laugheed
**Subject:** AW: Lincoln v. Wells Fargo, Northwest Trustees, et al.

Plaintiff's proposed Litigation Plan attached (Complex Track due to possible Class Action PLUS complexity of commercial paper/note issues involved in mortgage finance. If we cannot reach an agreement I will forward a copy of the letter I sent you earlier to the Court.

*Deo Vindice*
*"May the Lord God be with you,*
*and with thy spirit!"*
*Charles E. Lincoln, III*
  *Spiritual Patriot*
  *Tierra Limpia*
*Tel: 512.968.2500*

---

**Von:** Ken Howell <khowell@hawleytroxell.com>
**An:** Charles Lincoln <charles.lincoln@rocketmail.com>; charles.e.lincoln@att.net

**CC:** jbujak@canyonco.org; Samuel Laugheed <slaugheed@canyonco.org>
**Gesendet:** Montag, den 23. November 2009, 13:56:01 Uhr
**Betreff:** Lincoln v. Wells, et. al. [DMSMSG1.FID457521]

Gentlemen:

Please see letter attached.

--Ken

---

Do You Yahoo!?
Sie sind Spam leid? Yahoo! Mail verfügt über einen herausragenden Schutz gegen Massenmails.
http://mail.yahoo.com