IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

CHARLES EDWARD LINCOLN III, )
                                    )      Case No.  CV-09-430-S-BLW
         Plaintiff,         )
                                      )
         v.                      )      **ORDER**
                                      )
NORTHWEST TRUSTEE        )
SERVICES, et al.,             )
                                      )
         Defendants.       )
_____)

        At the Telephone Scheduling Conference held on November 5, 2009, the

Court ordered the parties to submit litigation plans on or before November 30,

2009.  Defendant submitted a litigation plan suggesting that the Court follow the

expedited track.  Plaintiff submitted a litigation plan suggesting that the Court

follow the complex track, along with a brief stating that Plaintiff believes this case

should be a class action.

        Generally, this Court finds it beneficial to bifurcate the scheduling process in

class actions.  To that end, the Court sets initial deadlines for discovery and

motions related only to class certification, and once that issue has been decided, the

Court sets the remaining deadlines.  However, although the Complaint contains

**Order - 1**

some assertions about problems with the mortgage industry nationwide, it does not

claim that Mr. Lincoln is suing defendants in a class representative capacity.

Therefore, the Court has no reason to treat this case as a class action, unless and

until the Complaint is amended to proceed as a class action.  The Court has

determined that this case most accurately falls within the Court's standard track.

Therefore, to further the efficient administration of this matter,

       NOW THEREFORE IT IS HEREBY ORDERED, that the following

recitation of deadlines and procedures shall govern this litigation:

1.      <u>Dispositive Motion Deadline</u>: All dispositive motions shall be filed by

<u>September 17, 2010</u>. This deadline will **not** be extended even if you are having

discovery disputes.

      a.      This is the critical event for case management and will

           dictate when the trial will be set.

      b.      As provided below, a trial setting conference will be

           scheduled immediately following resolution of all

           dispositive motions.  To facilitate a prompt trial setting, I

           will make every effort to schedule oral argument within

           60 days and issue a decision within 30 days after the oral

           argument.  If a decision is not issued within this time

**Order - 2**

frame, I invite inquiry from counsel as to the status of the

decision.

2.   <u>Amendment of Pleadings and Joinder of Parties</u>: All motions to amend

pleadings and join parties, except for allegations of punitive damages, shall

be filed on or before <u>February 15, 2010</u>. This deadline shall only be

extended for good cause shown.[1]  All parties are entitled to know the claims

and parties well-before trial rather than be forced to pursue or defend against

a moving target.  Although this deadline precedes the general discovery

deadline, the parties are directed to send out all discovery requests that might

relate to amendment or joinder enough in advance of this amendment and

joinder deadline to obtain the responses needed to make an informed

decision on amendment and joinder.

3.   <u>Alternative Dispute Resolution Plan</u>:  The parties shall also file an ADR

plan by <u>March 1, 2010</u>.  The ADR plan must indicate the form of ADR that

will be utilized and the date on which it will be conducted.  Once the

settlement conference or mediation is scheduled, it shall only be vacated by

me.

---

[1]  The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed, not by the liberal provisions of  Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992).

**Order - 3**

4.      <u>Discovery Plan</u>:  All other discovery shall be in accordance with the

Federal Rules of Civil Procedure and the Local Rules.

5.      <u>Completion of Discovery</u>:  All discovery will be completed by <u>August</u>

<u>13, 2010</u>.  This is a deadline for the <u>completion</u> of all discovery; it is

not a deadline for discovery <u>requests</u>.  Discovery requests must be

made far enough in advance of this deadline to allow completion of

the discovery by the deadline date.  The parties may, by stipulation,

agree to defer some trial-related discovery, such as discovery related

to damages issue, until after I have ruled on any dispositive issues.

6.      <u>Disclosure of Experts</u>:

a.      The Plaintiff shall disclose the experts intended to be

called at trial on or before <u>June 11, 2010</u>.

b.      The Defendant shall disclose the experts intended to be called at trial

on or before <u>July 16, 2010</u>.

c.      All rebuttal experts shall be identified on or before <u>July 30, 2010</u>.

7.      <u>Rules Governing Disclosure of Expert Witnesses</u>:  Within the

deadlines for the disclosure of expert witnesses set out above, the

parties shall also provide – for each expert disclosed – the report

described in Fed. R. Civ. P. 26(a)(2)(B), as modified by Local Rule

**Order - 4**

26.2(b).  Supplementation to the expert witness report shall be done in accordance with Fed. R. Civ. P. 26(e)(1).  Pursuant to Local Rule 26.2(b), expert witnesses will not be allowed to offer any opinion not disclosed in the mandatory Rule 26 disclosures, supplementation, or deposition.  This includes rebuttal experts.  No undisclosed expert rebuttal opinion testimony will be allowed at trial.

8.   <u>Scheduling of Trial and Pretrial Conference</u>.  Plaintiff's counsel shall contact In-Court Deputy Jamie Gearhart within one week following the entry of a decision on all pending dispositive motion to make arrangements for a telephone scheduling conference between counsel and me in which the trial and pretrial conference shall be set.  If no dispositive motion is filed, Plaintiff's counsel shall immediately contact Ms. Gearhart within one week of the dispositive motion filing deadline to set a telephone scheduling conference.

9.   <u>Law Clerk</u>:  If counsel has a procedural or legal question that needs to be brought to my attention, please contact Jeff Severson the law clerk assigned to this case at (208) 334-9027.

10.   <u>Handling of Discovery Disputes and Non-disposition Motion</u>:

a.     I will **<u>not</u>** refer this case to a magistrate judge for resolution of

**Order - 5**

discovery disputes and non-dispositive motions.  I will keep these

motions on my own docket.

b.      The parties will strictly comply with the meet and confer requirements

of Local Rule 37.1 prior to filing any discovery motions.

c.      In addition, I will not entertain any written discovery motions until the

Court has been provided with an opportunity to informally mediate

the parties' dispute.  To facilitate that mediation, the attorneys will

first contact Jeff Severson, the law clerk assigned to this case, and

shall provide him with a brief written summary of the dispute and the

parties' respective positions.  Mr. Severson may be able to offer

suggestions that will resolve the dispute without the need of my

involvement.  If necessary, an off-the-record telephonic conference

with me will then be scheduled as soon as possible.  I will seek to

resolve the dispute during that conference and may enter appropriate

orders on the basis of the conference.  I will only authorize the filing

of a discovery motion and written briefing if we are unable to resolve

the dispute during the conference.

d.      Prior to filing any discovery motions, counsel must certify, not only

that they have complied with Local Rule 37.1, but that they have

**Order - 6**

complied with the foregoing procedures.

11. <u>Calendaring Clerk</u>:  With regard to any scheduling matters or calendar

issues, please contact my deputy clerk, Jamie Gearhart at (208) 334-

9021.

12. <u>Docketing Clerk</u>:  The Docketing Clerk assigned to this case is Jill

MacDonald who can be reached at (208) 334-1992.

13. Plaintiff's Motion for Hearing Re; Scheduling Order & Need to Certify Class

is DEEMED MOOT.

DATED:  **December 2, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order - 7**