IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES EDWARD LINCOLN, III<br><br>Plaintiff,<br><br>v.<br><br>NORTHWEST TRUSTEE SERVICES, et al.,<br><br>Defendants. | Case No. 4:CV-09-430-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it a motion in limine filed by the remaining defendant Wells Fargo. The motion seeks to preclude the plaintiff Lincoln from calling any witnesses or introducing any exhibits at the trial.

The Court's Trial Setting Order (docket no. 33) required that plaintiff Lincoln file a witness list and exhibit list by December 16, 2010. Lincoln violated that Court Order by not providing the remaining defendant Wells Fargo with any notice of the witnesses or exhibits he intends to use at the trial set for January 10, 2011, less than a week away. In addition, Lincoln has made no Rule 26 disclosures or provided any discovery whatsoever to Wells Fargo. At the Court's recent

**Memorandum Decision & Order - 1**

pretrial conference, Lincoln did not attend and was not represented by counsel. At that conference defense counsel told the Court that Lincoln said he might seek to continue the trial because of health issues. In the Pretrial Order, the Court required that any pretrial motion, including a motion to continue, be filed by December 17, 2010, and that a motion to continue for health reasons must be accompanied by an affidavit of a health professional. No such motion was received by that deadline or to this date. Thus, the Court accommodated Lincoln in case he was suffering from health issues, but Lincoln did not take advantage of that accommodation.

Lincoln's failure to provide lists of witnesses and exhibits, along with his failure to provide any discovery, constitutes a violation of Rule 26(a). The sanction for such a violation of Rule 26(a) is found in Rule 37(c) and includes an order excluding Lincoln from calling any witnesses or introducing any exhibits. This sanction can be avoided if the failure is "substantially justified or is harmless." That excuse has no application here, however, where Lincoln has failed to provide even a single item required by Rule 26(a). Such a complete failure cannot under any circumstance be substantially justified or harmless.

Accordingly, the Court will grant the motion and bar Lincoln from calling any witnesses or introducing any exhibits at trial. Moreover, the Court agrees with the defense briefs (docket nos. 43 & 44) and finds that this case shall be tried to the

**Memorandum Decision & Order - 2**

Court without a jury.

Finally, because the Court will be in a criminal trial on the date now set for this trial, it is necessary to move the trial date. The Court will reset trial for January 27, 2011.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion in limine (docket no. 37) is GRANTED and plaintiff is precluded from calling any witnesses or introducing any exhibits into evidence at the trial in this case.

IT IS FURTHER ORDERED, that the present trial date of January 10, 2011, be VACATED and that a new trial date be set for **January 27, 2011 at 2:00 p.m.** in the Federal Courthouse in Boise, Idaho.

IT IS FURTHER ORDERED, that this case will be tried to the Court without a jury.

DATED: **January 7, 2011**

B. LYNN WINMILL
Chief Judge
United States District Court